IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LAWRENCE WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3094 |
| | ) | |
| vs. | ) | ORDER |
| | ) | ON INITIAL REVIEW |
| JO ANN KINNEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Lawrence Watkins, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), who is proceeding pro se and in forma pauperis ("IFP"). The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. §1983, alleging racial discrimination by the defendants. In October of 2004, while the plaintiff's son lay dying in a hospital, the defendants refused to permit the plaintiff to visit him, on the theory that the son was not on the plaintiff's "visiting list" and the plaintiff's name did not appear on his son's birth certificate. In fact, the son was on the visiting list, and the plaintiff managed to obtain an amended birth certificate listing him as the father. Nevertheless, the defendants refused to allow a hospital visit until the Ombudsman intervened on the plaintiff's behalf. By that time, the son had died, and the plaintiff could only attend the funeral. During the same period, a white inmate received more favorable treatment in substantially similar circumstances. The plaintiff attributes the disparate treatment to racial animus.

### Presumption of Official Capacity

Government employees may be sued in either their individual or official capacities, or both. In this case, the complaint does not state whether the corrections officers named as defendants are sued in their individual capacity, official capacity, or both. In those circumstances, official capacity, **only**, will be presumed. See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings).

### Meaning of "Official Capacity"

A suit against a public employee in his or her official capacity is actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, a claim against a corrections officer, in his or her official capacity, is in reality a claim against the entity that employs the officer. See also Eagle v. Morgan, 88 F.3d 620, 629

1

n. 5 (8th Cir. 1996), *quoting* Kentucky v. Graham: "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Therefore, the defendants' governmental employer, the State of Nebraska, is presently the only defendant in this case.

### Damages - Official Capacity

The plaintiff may not recover damages from the State of Nebraska, its agencies or state employees in their *official* capacity. The Eleventh Amendment to the United States Constitution shields the State from claims for monetary relief. Declaratory and prospective injunctive relief may be recovered from the State if the matter has not been rendered moot by events. However, monetary damages may be recovered from state employees *only in their individual capacity*.

### Amendment to Complaint

If suing the defendants, in their official capacity *only*, is not the plaintiff's intent, he may file a short amendment to the complaint within 30 days of the date of this Order, specifying that the defendants, or some of them, are sued in their individual capacity or in both their individual and official capacities. If the plaintiff does amend his complaint to sue any defendants in their individual capacity or in both capacities, the plaintiff should request additional summons forms and Form 285s. That is because government employees are served in different locations in their individual and official capacities.

### Service of Process - Different Capacities

When completing forms for service of process on state employees in their *official* capacity, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(1), which states in pertinent part: "The State of Nebraska, any state agency ... and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General." The address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509. All defendants in their official capacity may be served by use of one summons form directed to the place for service on the State specified in Neb. Rev. Stat. § 25-510.02. Example:

> TO: **(Name and address of Defendant)**
>
> **All named defendants in their official capacity**
>
> **c/o Nebraska Attorney General**
> **2115 State Capitol**
> **Lincoln, NE 68509**

On the other hand, state employees in their *individual* capacity may be served where they can be found, e.g., at home or at their present place of employment. Unlike official capacity, a plaintiff must use a separate summons form for each person sued in his or her *individual* capacity. However, the court will not issue a summons for service of process on a defendant in his or her individual capacity unless the complaint or an amendment to the complaint specifies that the defendant is sued in his or her individual capacity.

## PLRA

The Prison Litigation Reform Act ("PLRA") requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, and restricts remedies and procedures in prisoner litigation. 42 U.S.C. § 1997e(a) of the PLRA requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not use the available grievance procedures before filing this lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

The PLRA also limits the recovery of damages for emotional distress. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Section 1997e(e) does not limit "standing," i.e., who may bring a claim. Section 1997e(e)'s requirement that a prisoner demonstrate physical injury before he can recover for mental or emotional injury applies only to claims for compensatory damages but does not bar nominal and punitive damages, or declaratory and injunctive relief, even when compensatory damages are unavailable. Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004), cert. denied, __ S.Ct.__, 2005 WL 828820 (May 31, 2005); Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003).

This case is assigned to the docket of Judge Richard G. Kopf. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. To obtain service of process on the defendants, the plaintiff must complete

3

and return forms which the Clerk of Court will provide. The Clerk of Court shall send one summons and one Form 285 to the plaintiff together with a copy of this Order.

  2. The plaintiff shall, as soon as possible, complete the forms for service of process on the defendants in their official capacity, and send the completed forms back to the Clerk of Court. Without the completed forms, service of process cannot occur.

  3. The plaintiff shall have 30 days from the date of this Order to file, if he so wishes, an Amendment to his complaint specifying whether the persons named as defendants in the complaint are sued in their individual capacity, or official capacity, or both capacities. If the plaintiff files such an Amendment, he shall be entitled to additional summons and 285 forms. It would be helpful if he could request the additional forms if he files an Amendment.

  4. Upon receipt of the completed summons and 285 forms, the Clerk will sign the summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. A plaintiff proceeding IFP does not have to copy the complaint; the court will do so on the plaintiff's behalf.

  5. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

  6. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. Failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter, without further notice, as to such defendant.

  7. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

  8. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

  9. The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties or their attorney(s) violates the rules of court.

10. Each defendant shall have twenty (20) days after receipt of the summons to answer or otherwise respond to the complaint.

11. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

12.	The plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

DATED this 1st day of June, 2005.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge

INSTRUCTIONS:  SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1.     A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2.     A form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process and where to serve the defendant(s).  The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3.     Do not copy your complaint to attach to the summons; the court will do that for you.

4.      You may serve only defendant(s) named in the case caption of the complaint.  If you wish to serve additional defendant(s), you must move for leave to amend the complaint to add the additional defendant(s) to the case caption.

5.     Be sure to print your case number on all forms.

6.     You must give an address for the party to be served.  The U.S. Marshal will not know a defendant's address.

7.     Where a summons form states:  "You are hereby summoned and required to serve on plaintiff's attorney"  print your name and address.

8.     Where a form 285 states:   "send notice of service copy to requestor at name and address" print your name and address.

9.     Where a form 285 calls for  "signature of attorney or other originator" provide your signature and date the form.

10.    Leave the last part of the summons form blank.  The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.