IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LAWRENCE WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3094 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| JO ANN KINNEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following pending motions: (1) filing no. 23, the Motion for Summons and Form 285 filed by the plaintiff, Lawrence Watkins, a former prisoner of the Nebraska Department of Correctional Services ("DCS"), who has been released from custody; (2) filing no. 25, the Motion to Dismiss filed by defendants- Kinney, Kenney, Kinlund, and Kirkpatrick; (3) filing no. 30, the plaintiff's Objection to Motion to Dismiss; and (4) filing no. 32, the Motion to Dismiss filed by defendant-Harold W. Clarke. As a preliminary matter, filing no. 23 is granted, and the Clerk of Court shall send the plaintiff one additional summons and one Form 285 to be completed and returned to the court for a second attempt at service of process on defendant-Cruickshank.

The court previously granted the plaintiff's motion for leave to proceed IFP as a prisoner, but he was later released from confinement before the filing fee had been paid in full. After release, the plaintiff is entitled to file a new application to proceed IFP. If the plaintiff's financial condition, after release, so warrants, the court may grant the plaintiff IFP status as a nonprisoner, which would excuse payment of any unpaid balance of the filing fee. The Clerk of Court shall send the plaintiff an Application to Proceed IFP.

In filing nos. 25 and 32, the defendants contend that the plaintiff has failed to state

1

a claim on which relief may be granted. See Fed. R. Civ. P. 12(b)(6). The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. §1983, alleging racial discrimination by the defendants. In October of 2004, while the plaintiff's son lay dying in a hospital, the defendants refused to permit the plaintiff to visit him, while, during the same period, a white inmate received more favorable treatment in substantially similar circumstances. The plaintiff attributes the disparate treatment to racial animus.

"The right not to be discriminated against based on one's race is not ... a right that need necessarily be compromised for the sake of proper prison administration. On the contrary, compliance with the Fourteenth Amendment's ban on racial discrimination is not only consistent with proper prison administration, but also bolsters the legitimacy of the entire criminal justice system. Race discrimination is 'especially pernicious in the administration of justice.'... And public respect for our system of justice is undermined when the system discriminates based on race." Johnson v. California, 125 S. Ct. 1141, 150 (2005). See also DeWalt v. Carter, 224 F.3d 607, 613 (7th Cir. 2000) (Allocation of privileges among prisoners on an otherwise illegal or discriminatory basis would be unconstitutional even though such privileges do not constitute liberty or property interests.).

In addition, the defendants seek dismissal on the basis of 42 U.S.C. § 1997e(e), which states: "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." However, the defendants misconstrue § 1997e(e), which does not negate standing or affect subject matter jurisdiction or impede the plaintiff's ability to state a claim for relief, even if the plaintiff suffered no physical injury.

The absence of physical injury does not bar the claim itself but merely limits available remedies.  See, e.g., Royal v. Kautzky, 375 F.3d 720 (8th Cir. 2004), cert. denied,125 S.Ct. 2528 (2005).   42 U.S.C. § 1997e(e) does not bar recovery of nominal and punitive damages, or declaratory and injunctive relief, even absent compensable injury.  Id., 375 F.3d at 723 ("To the extent Royal argues nominal damages, punitive damages, and injunctive and declaratory relief are available to him, we agree.  Congress did not intend section 1997e(e) to bar recovery for all forms of relief.").  See also Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003): "Section 1997e(e)'s requirement that a prisoner demonstrate physical injury before he can recover for mental or emotional injury applies only to claims for compensatory damages.  Claims seeking nominal or punitive damages are typically not 'for' mental or emotional injury but rather 'to vindicate constitutional rights' or 'to deter or punish egregious violations of constitutional rights,' respectively ....  Accordingly, regardless how we construe § 1997e(e)'s physical injury requirement, it will not affect [an inmate's] ability to seek nominal or punitive damages for violations of his constitutional rights."   42 U.S.C. § 1997e(e) provides no support for the defendants' motions.

THEREFORE, IT IS ORDERED:

1.That filing no. 23, the plaintiff's Motion for Summons and Form 285, is granted, and the Clerk of Court shall send the plaintiff one additional summons and one Form 285 to be completed and returned to the court for a second attempt at service of process on defendant-Cruickshank;

2.That the completed forms shall be returned to the court within thirty (30) days of the date of this Memorandum and Order for service by the U.S. Marshal; the Marshal

shall serve the summons and complaint without payment of costs or fees; service may be by certified mail in the discretion of the Marshal;

     3.     That the Clerk of Court shall send the plaintiff an Application to Proceed IFP which the plaintiff may complete and return to the court within thirty (30) days of the date of this Memorandum and Order;

     4.     That filing nos. 25 and 32, the defendants' Motions to Dismiss, are denied; and

     5.     That filing no. 30, the plaintiff's Objection to Motion to Dismiss, is granted.

September 20, 2005.     BY THE COURT:

     /s *Richard G. Kopf*
     United States District Judge