IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LAWRENCE WATKINS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3094 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JO ANN KINNEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on filing no. 36, the motion for appointment of counsel filed by the plaintiff. The court cannot routinely appoint counsel in civil cases. In Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained: "'Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.'... The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." (Citations omitted.) The plaintiff has capably presented the factual basis for the claims in this proceeding. I find that appointment of counsel is not necessary to enable the plaintiff to pursue those claims. Therefore, the motion for appointed counsel, is denied.

    Also before the court is filing no. 37, the motion to proceed in forma pauperis ("IFP") filed by the pro se plaintiff. The court previously granted the plaintiff's request to proceed IFP while the plaintiff was incarcerated. After review of the record, it appears that the plaintiff is no longer incarcerated and that he has filed a motion to proceed IFP as a non prisoner. Upon review of the plaintiff's papers, I shall grant the plaintiff leave to proceed IFP.

**ADMONITIONS**

    The plaintiff is informed that the court can later enter an order taxing costs in this case. No one, including the plaintiff, is relieved by this order from the obligation to pay or to reimburse taxable costs after this action is over.

    In addition, even after a motion to proceed IFP has been granted, the court may still revoke IFP status and dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B) if the court finds that the complaint is frivolous or malicious. Kane v. Lancaster Co. Dep't of Corrections, 960 F. Supp. 219, 222 (D. Neb. 1997). To determine that a claim is frivolous, the court must find that the claim is based on an indisputably meritless legal theory or that factual contentions are clearly baseless. Id.

1

THEREFORE, IT IS ORDERED:

1. That filing no. 36 is denied.

1. That filing no. 37, the plaintiff's motion to proceed in forma pauperis, is granted, subject to the admonitions stated above in this Order.

2. The plaintiff shall keep the court informed of the plaintiff's current address at all times while this case is pending.

3. The plaintiff is advised that he is bound by the Federal Rules of Civil Procedure and by the Local Rules of this court in the prosecution of this case. The federal rules are available at any law library, and the local rules are available at the office of the Clerk of Court, and also on the court's web site at www.ned.uscourts.gov.

4. This order is entered without prejudice to the court later entering an order taxing costs in this case. No one, including the plaintiff, is relieved by this order from the obligation to pay or to reimburse taxable costs after this action is over.

DATED this 4th day of October, 2005.

BY THE COURT:

s/F.A. GOSSETT
United States Magistrate Judge